UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ANDY L. ALLMAN, | ) |
| | ) |
|    Petitioner, | ) |
| | ) No. 3:21-cv-00267 |
| v. | ) Judge Trauger |
| | ) |
| SONNY WEATHERFORD and | ) |
| HERBERT H. SLATERY, III, | ) |
| | ) |
|    Respondents. | ) |

## ORDER TO SHOW CAUSE

Before the court is Andy L. Allman's pro se amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. No. 7.) The petitioner has paid the filing fee. (Doc. No. 6.) Accordingly, the amended petition is before the court for preliminary review.

The court has a duty to screen out facially insufficient habeas corpus petitions. *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (citations omitted). Thus, Habeas Rule 4 directs the court to examine the petition to ascertain, as a preliminary matter, whether "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules").[1] The court must "dismiss summarily" any habeas petition that appears legally insufficient on its face. *McFarland v. Scott*, 512 U.S. 849, 856 (1994); *Crump v. Lafler*, 657 F.3d 393, 396 n.2 (6th Cir. 2011).

---

[1] The Habeas Rules may be applied to Section 2241 petitions. Habeas Rule 1(b).

I.   **The Habeas Petition**

Section 2241 authorizes a district court to entertain an application for the release of any person "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). *See Phillips v. Ct. of Common Pleas*, 668 F.3d 804, 809 (6th Cir. 2012) ("We have long recognized that pretrial detainees pursue habeas relief . . . under § 2241."). The Court of Appeals for the Sixth Circuit has expressly recognized that Section 2241 is the appropriate vehicle for a state pretrial detainee to challenge an alleged constitutional violation regarding the right of bail. *Atkins v. Michigan*, 644 F.2d 543, 549 (6th Cir. 1981); *see also Hairston v. Franklin Cnty. Ct. of Common Pleas*, No. 2:17-cv-00353, 2017 WL 2972151, at *1 (S.D. Ohio July 12, 2017) ("The protection against unreasonable bail pending trial is one of a handful of special circumstances that may warrant pre-conviction habeas intervention by a federal court.").

In 2017, the petitioner, a former lawyer, was indicted in Sumner County, Tennessee for theft of retainer fees; theft of client's funds; knowingly, willfully, and intentionally holding himself out as a lawyer; and practicing law without a license. (Doc. No. 7 at 1-2, 8.) For two years, the petitioner was released on bonds totaling $225,000. (*Id*. at 8.) On March 5, 2020, the petitioner was indicted on two new counts of theft and falsely representing himself as a lawyer. (*Id*. at 3-4, 8.) Thereafter, the trial court set a $2.5 million bond. (*Id*. at 8.) On April 7, 2020, after a hearing, the trial court denied the petitioner's motions for immediate release and revoked the petitioner's bond. (*Id*. at 3-4.) The petitioner's trial date is November 1, 2021. (*Id*. at 3.) The petitioner claims that ongoing pre-trial detention in Sumner County Jail violates his First, Fifth, Sixth, Eighth and Fourteenth Amendment due process and equal protection rights. (*Id*. at 3-4, 9-11.) Accordingly, it appears that the petitioner invokes one of the special circumstances for which the court may consider pre-conviction habeas relief.

## II. Exhaustion

Habeas petitioners proceeding under Section 2241 "must exhaust all available state court remedies before proceeding in federal court, and this usually requires that they appeal an adverse decision all the way to the state's court of last resort."[2] *Phillips*, 668 F.3d at 810 (citing *Klein v. Leis*, 548 F.3d 425, 429 n.2 (6th Cir. 2008)); *Urbina v. Thoms*, 270 F.3d 292, 295 n.1 (6th Cir. 2001). "Unlike exhaustion under § 2254, exhaustion under § 2241 is not a statutory requirement." *Phillips*, 668 F.3d at 810 n.4. However, "decisional law has superimposed such a requirement in order to accommodate principles of federalism." *Id*. (quoting *United States ex rel. Scranton v. New York*, 532 F.2d 292, 294 (2d Cir. 1976)); *see also Atkins*, 644 F.2d at 546 (citations omitted) (explaining that the requirement of exhaustion "has developed to protect the state courts' opportunity to confront initially and resolve constitutional issues arising within their jurisdictions and to limit federal judicial interference in state adjudicatory processes").

The petitioner contends that he has "fairly presented his claims through one complete round of State Appellate review." (Doc. No. 7 at 7.) However, the preliminary record does not support this conclusion. The petitioner is represented in his state criminal matter by retained attorney Gary Copas. (Doc. No. 1-12.) On October 5, 2020, the trial court granted the petitioner permission for "hybrid representation," an arrangement by which the petitioner could provide additional assistance at trial. (Doc. Nos. 7 at 4-5; 1-7 at 2-3; 2.) On December 15, 2020, the petitioner filed in the trial court a self-prepared motion to review the bond revocation order. (Doc. No. 7 at 5.) The trial court summarily denied the motion without considering the merits on the ground that hybrid representation contains "no allowance" for a defendant to engage in motion practice. (Doc. No. 1-

---

[2] In Tennessee, pursuant to Tennessee Supreme Court Rule 39, presentation of claims up to the Tennessee Court of Criminal Appeals is sufficient for exhaustion. *Adams v. Holland*, 330 F.3d 398, 403 (6th Cir. 2003).

7 at 2-3.) The petitioner subsequently submitted a self-prepared motion to review to the TCCA that was also denied without consideration of the merits. *See State of Tennessee v. Allman*, No. M2021-00196-CCA-R8-CO (Ct. Crim. App. Mar. 17, 2021), slip op. at 3. The TCCA affirmed the trial court's understanding of the scope of hybrid representation and found "nothing to review" in the petitioner's motion because he was "still represented by counsel." (*Id*. at 2-3.) The TCCA further instructed: "[I]n order for the Defendant to obtain appellate review of the bond revocation order, and as previously instructed, counsel must file an appropriate Rule 8 motion." (*Id*. at 3.) Accordingly, the record suggests that the petitioner's claims concerning bond revocation have not been properly presented to, or considered on the merits by, any state court.

The petitioner appears to make two main arguments concerning exhaustion. First, the petitioner argues that his contract with Mr. Copas excuses his failure to exhaust. (Doc. No. 7 at 6-7.) The petitioner contends that he had to file his own motion with the TCCA because Mr. Copas represents him "in trial court proceedings only." (*Id*. at 7.). This argument is unpersuasive for three reasons. First, this argument does not address why the petitioner (and not Mr. Copas) filed the motion for review with the *trial court*. Second, the contract does not support that Mr. Copas could not perform work related to a motion to review bond revocation. The contract – a typical retainer agreement – differentiates between counsel (1) acting as an advocate for "all rights, constitutional and statutory, federal and state," during the pendency of the criminal case until "a plea agreement, a dismissal, or an appealable judgment under Rule 3(b) of the Tennessee Rules of Appellate Procedure," and (2) performing work during subsequent "prosecution of an appeal." (Doc. No. 1-13 at 1.) The motion to review bond revocation concerns constitutional issues in the petitioner's ongoing criminal case. The petitioner has not offered a clear explanation for why objecting to pretrial detention falls outside the scope of the retainer agreement. Third, the petitioner has not

4

offered any explanation regarding why his private retainer agreement trumps the trial court's definition of hybrid representation.

Second, the petitioner argues that his hybrid representation is "vague" and the state courts have "illegally" restricted the doctrine by preventing the petitioner from filing uncounseled motions. This argument is unconvincing for two reasons. First, Tennessee law narrowly defines hybrid representation. Ordinarily, a Tennessee criminal defendant must elect to act pro se or to accept representation by counsel. *State v. Franklin*, 714 S.W.2d 252, 258-59 (Tenn. 1986) (citing *McKaskle v. Wiggins*, 465 U.S. 168 (1984)). However, judges have the "sound discretion" to allow hybrid representation so that a defendant may "intermittently use counsel *during the trial* while he conducts his own defense." *Id*. at 258-59 (emphasis added) (quoting *State v. Burkhart*, 541 S.W.2d 365, 370 (Tenn. 1976)). The TCCA cited this precise body of law when it rejected the petitioner's self-authored motion to review. *Allman*, slip op. at 2-3. The petitioner has not offered any Tennessee law for the proposition that discretionary hybrid representation must allow motion practice by a represented criminal defendant.

In addition, the record does not support the notion that the petitioner's hybrid representation was insufficiently specific. (*See* Doc. No. 7 at 13.) During the October 5, 2020, hearing on hybrid representation, the trial judge relied upon *Franklin*, discussed his concerns regarding "a defendant representing himself *at trial* alongside counsel," and concluded that the petitioner "was not seeking to disrupt orderly *trial procedure*." (Doc. No. 2 at 11 (emphasis added)). The trial judge cautioned the petitioner that, if he "steps over the line" and events are "not proceeding as a *trial* should proceed," the court would "send the jury out." (*Id*. at 12 (emphasis added)). Within this context, the trial judge granted permission for hybrid representation "in the *presentation* of his defense." (Doc. No. 1-2 at 19 (emphasis added)). After the state moved for

5

reconsideration, the petitioner filed a response that affirmed the scope: "This is exactly what hybrid representation ensures. Mr. Copas will be *at the trial* making arguments, examining and cross-examining witnesses. . . . Under hybrid representation, the Defendant will be *sharing in the workload* by presenting argument and examining or cross-examining some of the witnesses. According to the TN Supreme Court, a Defendant may *make a closing statement and examine witnesses* while intermittently using counsel." (*Id*. at 27-28 (emphasis added) (citing *Franklin*, 714 S.W. 2d at 259)). Accordingly, the record does not reflect that the trial court or the petitioner understood hybrid representation to including uncounseled motion practice. (Doc. Nos. 1-2, 2.) Even if the scope of hybrid representation turned out to be a surprise to the petitioner, however, the Tennessee courts did not dismiss the petitioner's claims with prejudice. Indeed, the TCCA specifically advised the petitioner that he may seek state court review by having counsel file an "appropriate motion." *Allman*, slip op. at 3.

### III. Order to Show Cause

Accordingly, the petitioner is **ORDERED TO SHOW CAUSE** why the petition should not be dismissed for failure to exhaust state remedies. The petitioner may provide any information or exhibits that will assist the court. At a minimum, the petitioner should explain (1) when each of his claims was been considered and ruled upon by the trial court and TCCA; and (2) why the petitioner should not be subject to the exhaustion requirement. The petitioner's submission must be received by the court within **30 DAYS** of the date this order is entered on the docket. Failure to comply or request an extension of time by the deadline may result in the petition being dismissed.

### IV. Motion to Seal

The petitioner has moved to seal the transcript of the October 5, 2020, trial court hearing. (Doc. No. 3.) A party seeking to seal judicial records must meet the "heavy burden" of overcoming

the "strong presumption in favor of openness." *Shane Grp., Inc. v. Blue Cross Blue Shield*, 825 F.3d 299, 305 (6th Cir. 2016) (citing *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1180 (6th Cir. 1983)). To meet this burden, the party must show: (1) a compelling interest in sealing the records; (2) that the interest in sealing outweighs the public's interest in accessing the records; and (3) that the request is narrowly tailored. *See id*. (citations omitted). "Only the most compelling reasons can justify non-disclosure of judicial records." *In re Knoxville News-Sentinel Co., Inc.*, 723 F.2d 470, 476 (6th Cir. 1983). Where a party can show a compelling reason for sealing, the party must then show why those reasons outweigh the public interest in access to those records and that the seal is narrowly tailored to serve that reason. *Shane Grp.*, 825 F.3d at 305. To do so, the party must "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Id*. at 305-06 (citing *Baxter Int'l, Inc. v. Abbott Lab.*, 297 F.3d 544, 548 (7th Cir. 2002)).

Here, the petitioner has offered a three-sentence motion that vaguely asserts the Oct. 5 transcript "contains material covered by the attorney-client privilege and work product doctrine." (Doc. No. 3.) This is far from enough to meet the petitioner's burden of overcoming the strong presumption in favor of public access to judicial records. Furthermore, it is not apparent to the court what part of the transcript contains material that raises privacy concerns, as the transcript is of proceedings conducted in open court in the presence of opposing counsel. (*See* Doc. No. 2.) Because the petitioner has not provided a specific, compelling justification, the motion to seal (Doc. No. 3) is **DENIED WITHOUT PREJUDICE**.

It is so **ORDERED**.

_____
Aleta A. Trauger
United States District Judge