IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ANDY L. ALLMAN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 3:21-CV-00267 |
| ) | Judge Trauger |
| SONNY WEATHERFORD and ) | |
| HERBERT H. SLATERY, III, ) | |
| ) | |
| Respondents. ) | |

**MOTION TO DISMISS PARTY**

Respondent, Herbert H. Slatery III, Attorney General and Reporter for the State of Tennessee, by and through undersigned counsel of record, moves this Court to dismiss Attorney General Slatery as a named respondent in this habeas corpus action filed under 28 U.S.C. § 2241. Because the petitioner is a pretrial detainee within the immediate physical custody of the co-respondent, Sumner County Sheriff Sonny Weatherford, and because he now challenges that physical custody, Sheriff Weatherford is the only proper respondent to this habeas corpus action. As such, Attorney General Slatery should be dismissed as a party to this case.

**FACTUAL BACKGROUND**

According to the petition and its attachments, Petitioner is confined as a pretrial detainee on charges pending in the Sumner County Criminal Court. Per an online case search on the Sumner County Online Court Records System, (sumner.tncrtinfo.com), in the Sumner County Criminal Court, Petitioner has been charged in Nos. 83CC1-2017-CR-548, 83CC1-2017-CR-875, 83CC1-2020-CR-133 with charges of multiple thefts, falsely representing himself as a lawyer,

impersonating a licensed professional, and practicing law without a license. The criminal court docket indicates that his cases are set for trial on November 1, 2021. These are the charges underlying Petitioner's present physical confinement.

On March 31, 2021, Petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 challenging his pretrial detainment, seeking release on his own recognizance and ruling to ensure a fair trial. (ECF No. 1.) He named Sheriff Weatherford and Attorney General Slatery as two named respondents to the action. (*Id.*) Petitioner amended his petition on April 8, 2021, but he seeks the same relief. (ECF No. 7.)

Petitioner has requested relief in the trial court regarding his bond, and he unsuccessfully attempted to appeal the trial court's ruling. (ECF No. 1-7.) The Tennessee Court of Criminal Appeals order dismissing his appeal expressly sets forth the procedure for Petitioner to obtain appellate review of his bond revocation order under Rule 8 of the Tennessee Rules of Appellate Procedure. (*Id.*) A public case history search on the website of the Tennessee Appellate Court Clerk's Office, (http://www2.tncourts.gov/PublicCaseHistory), reflects that Petitioner has filed no appeal from a motion properly filed by Petitioner's attorney. Nor has he pursued interlocutory or extraordinary review of any trial court order under Rules 9 and 10 of the Tennessee Rules of Appellate Procedure.

By order filed May 19, 2021, this Court directed the Clerk to serve a copy of its order and the petition onto Sheriff Weatherford and Attorney General Slatery, and the Court ordered the respondents to file a response to the petition within 21 days. (ECF No. 13.)
2

Case 3:21-cv-00267   Document 20   Filed 06/03/21   Page 2 of 7 PageID #: 1052

impersonating a licensed professional, and practicing law without a license. The criminal court docket indicates that his cases are set for trial on November 1, 2021. These are the charges underlying Petitioner's present physical confinement.

On March 31, 2021, Petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 challenging his pretrial detainment, seeking release on his own recognizance and ruling to ensure a fair trial. (ECF No. 1.) He named Sheriff Weatherford and Attorney General Slatery as two named respondents to the action. (*Id.*) Petitioner amended his petition on April 8, 2021, but he seeks the same relief. (ECF No. 7.)

Petitioner has requested relief in the trial court regarding his bond, and he unsuccessfully attempted to appeal the trial court's ruling. (ECF No. 1-7.) The Tennessee Court of Criminal Appeals order dismissing his appeal expressly sets forth the procedure for Petitioner to obtain appellate review of his bond revocation order under Rule 8 of the Tennessee Rules of Appellate Procedure. (*Id.*) A public case history search on the website of the Tennessee Appellate Court Clerk's Office, (http://www2.tncourts.gov/PublicCaseHistory), reflects that Petitioner has filed no appeal from a motion properly filed by Petitioner's attorney. Nor has he pursued interlocutory or extraordinary review of any trial court order under Rules 9 and 10 of the Tennessee Rules of Appellate Procedure.

By order filed May 19, 2021, this Court directed the Clerk to serve a copy of its order and the petition onto Sheriff Weatherford and Attorney General Slatery, and the Court ordered the respondents to file a response to the petition within 21 days. (ECF No. 13.)

# ARGUMENT

Respondent, Herbert H. Slatery III, Attorney General and Reporter for the State of Tennessee is not the proper respondent in this case because he is not responsible for maintaining the custody of Petitioner. Last month, this Court dismissed Attorney General Slatery as a respondent in *Leopold Mpawinayo, v. Daron Hall, et al.*, No. 3:20-cv-01097, 2021 WL 1984944, at*2 (M.D. Tenn. May 18, 2021), which posed an identical issue regarding the proper respondent. Therefore, Attorney General Slatery should be dismissed as a party and relieved of any obligation to respond to the amended petition.

"In rare instances, a pretrial detainee may petition for habeas relief, but such claims are extraordinary." *Christian v. Wellington*, 739 F.3d 294, 297 (6th Cir. 2014). A district court may consider a petition for writ of habeas corpus under 28 U.S.C. § 2241(c)(3) to grant the release of a person "in custody in violation of the Constitution or laws or treaties of the United States." The Sixth Circuit has "long recognized that pretrial detainees pursue habeas relief . . . under § 2241," unlike convicted state prisoners whose remedy in habeas corpus falls under 28 U.S.C. § 2254. *Phillips v. Court of Common Pleas*, 668 F.3d 804, 809 (6th Cir. 2012) (citing *Girts v. Yanai*, 600 F.3d 576, 587 (6th Cir. 2010), and *Atkins v. Michigan*, 644 F.2d 543, 546 n.1 (6th Cir. 1981)). Consequently, state pretrial detainees are "the rare state prisoners entitled to use § 2241." *Winburn v. Nagy*, 956 F.3d 909, 911 (6th Cir. 2020) (citing *Saulsberry v. Lee*, 937 F.3d 644, 647 (6th Cir. 2019) (lead opinion)). However, before filing a petition for writ of habeas corpus under 28 U.S.C. § 2241, a pretrial detainee must first exhaust available state-court remedies. "Unlike exhaustion under § 2254, exhaustion under § 2241 is not a statutory requirement." *Phillips*, 668 F.3d at 810 n.4. "Rather, in the § 2241 context, 'decisional law has superimposed such a requirement in order

to accommodate principles of federalism.'" *Id.* (quoting *United States ex rel. Scranton v. New York*, 532 F.2d 292, 294 (2d Cir. 1976)).

In this habeas corpus petition filed under 28 U.S.C. § 2241 challenging Petitioner's confinement in physical custody, the only proper respondent to the action is Petitioner's immediate custodian, Sheriff Weatherford. *See Rumsfeld v. Padilla*, 542 U.S. 426 (2004).

In *Padilla*, the petitioner was confined pursuant to a material witness warrant issued by the United States District Court for the Southern District of New York when the President designated the petitioner an enemy combatant and directed the Secretary of Defense to take custody of him. *Id.* at 430. The petitioner was taken into Defense Department custody and transported to a Naval facility in South Carolina. *Id.* at 432. Acting as "next friend," the petitioner's counsel challenged the petitioner's confinement in a petition for writ of habeas corpus filed under 28 U.S.C. § 2241 in the Southern District of New York against the President, the Secretary of Defense, and the commanding officer at the facility where the petitioner was confined. *Id.* The respondents moved to dismiss the petition, in part, because the only proper respondent was the petitioner's immediate custodian and the district court lacked jurisdiction over the proper respondent located outside the Southern District of New York. *Id.* The district court concluded that it had jurisdiction because the Secretary of Defense was a proper respondent, but it denied the petition on the merits. *Id.* at 432-33. On appeal, the United State Court of Appeals for the Second Circuit agreed that the Secretary was a proper respondent and that the district court had jurisdiction, and it granted habeas corpus relief on the merits, directing the petitioner's release from military custody. *Id.* at 433-34.

Upon further review, the Supreme Court reversed, concluding that the only proper respondent to the action was the petitioner's immediate custodian, over whom the district court lacked jurisdiction. *Id.* at 434-51. In so doing, the Court analyzed and considered who may be a

4

Case 3:21-cv-00267   Document 20   Filed 06/03/21   Page 4 of 7 PageID #: 1054

proper respondent to a petition for writ of habeas corpus. *Id.* at 434-42. Under 28 U.S.C. § 2242, the proper respondent is "the person who has custody over [the petitioner]." *Id.* This statute indicates that "there is generally only one proper respondent to a given prisoner's habeas petition," and the custodian is one "with the ability to produce the prisoner's body before the habeas court." *Id*. at 434-35.

Statutory language, caselaw, and "longstanding practice confirm[] that in habeas challenges to present physical confinement—'core challenges'—the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official." *Id*. at 435 (citations omitted). "In challenges to present physical confinement, [the Court] reaffirm[ed] that the immediate custodian, not a supervisory official who exercises legal control, is the proper respondent." *Id*. at 439. "If the 'legal control' test applied to physical-control challenges, a convicted prisoner would be able to name the State or the Attorney General as a respondent to a § 2241 petition," which is not supported by "the statutory language, established practice, and [Supreme Court] precedent." *Id*. at 439-440.

Instead, the proper respondent is "the person responsible for maintaining—not authorizing—the custody of the prisoner." *Id*. at 440, n.13. Thus, in *Padilla*, the only proper respondent was the petitioner's immediate custodian in South Carolina, and because 28 U.S.C. § 2244(a)(1) limits district courts to granting habeas corpus relief "within their respective jurisdictions," the district court lacked authority over that official. *Id*. at 442-447. As the Court explained, "[w]henever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement." *Id*. at 447.

5

Applying *Padilla* here, Petitioner directly challenges his present physical custody, and the only proper respondent is his immediate custodian, Sheriff Weatherford. Just as this Court determined in *Leopold*, Attorney General Slatery is not the proper respondent in this case. For that reason, Attorney General Slatery respectfully requests that he be dismissed as a party to this action and that he be relieved of any obligation to respond to Petitioner's federal habeas corpus petition, as required by this Court's prior order, (ECF No. 13).

Respectfully submitted,

HERBERT H. SLATERY III
Attorney General and Reporter

s/ Zachary L. Barker
ZACHARY L. BARKER
Assistant Attorney General
Federal Habeas Corpus Division
B.P.R. No. 035933
P.O. Box 20207
Nashville, Tennessee 37202
(615) 532-4098
Zachary.Barker@ag.tn.gov

**CERTIFICATE OF SERVICE**

I certify that the foregoing Notice was filed electronically on June 3, 2021. On the same date, a copy has been sent by first-class U.S. Mail, postage prepaid, to:

Andy L. Allman
117 W. Smith Street
Gallatin, TN 37066

A copy was also sent by operation of the court's PACER/ECF system to co-respondent Sheriff Sonny Weatherford's counsel:

Benjamin C. Allen
Sumner County Law Department
355 N Belvedere Drive
Room 303
Gallatin, TN 37066
(615) 415-6060
Fax: (615) 415-6061
Email: ben@sumnercountytn.gov

Leah May Dennen
Sumner County Law Department
355 N Belvedere Drive
Room 303
Gallatin, TN 37066
(615) 451-6060
Email: leahmay@sumnercountytn.gov

Sarah L. Locker
Gullett, Sanford, Robinson & Martin PLLC
150 Third Avenue South
Suite 1700
Nashville, TN 37201
(615) 244-4994
Fax: (615) 256-6339
Email: slocker@gsrm.com

Thomas B. Russell
Gullett, Sanford, Robinson & Martin PLLC
150 Third Avenue South
Suite 1700
Nashville, TN 37201
(615) 244-4994 x 224
Fax: (615) 256-6339
Email: trussell@gsrm.com

William C. Scales, Jr.
Gullett, Sanford, Robinson & Martin PLLC
150 Third Avenue South
Suite 1700
Nashville, TN 37201
(615) 244-4994
Fax: (615) 256-6339
Email: wscales@gsrm.com

*/s/ Zachary L. Barker*
ZACHARY L. BARKER
Assistant Attorney General