IN THE UNTED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE AT NASHVILLE

FILED
JUN 1 1 2021  DB
U.S. DISTRICT COURT
MIDDLE DISTRICT OF TN.

| | |
|---|---|
| ANDY L. ALLMAN<br>Petitioner<br><br>vs.<br><br>SONNY WEATHERFORD,<br>SHERIFF OF SUMNER<br>COUNTY, TN, and<br>HERBERT H. SLATERY, III,<br>TENNESSEE STATE<br>ATTORNEY GENERAL<br>Respondents | ) <br>) <br>) <br>) Docket No. 3:21-cv-00267<br>) From the Tennessee Court of Criminal<br>) Appeals No. M2021-00196-CCA-R8-CO<br>) Sumner County Criminal Court Cases:<br>) No. 2017-CR-548<br>) No. 2017-CR-875<br>) No. 2020-CR-133<br>) <br>) <br>) <br>) <br>) <br>) |

### PETITIONER'S RESPONSE TO RESPONDENT SONNY WEATHERFORD'S MOTION TO DISMISS

Comes now Petitioner and responds in opposition to Respondent, Sonny Weatherford's, Motion to Dismiss.

On May 19, 2021, this Court entered an Order directing service of Petitioner's Amended Petition for Writ of Habeas Corpus and Immediate Relief, Show Cause Order, Petitioner's Response to Show Cause Order and the May 19th Order upon Respondent. In addition to the arguments set forth below, Petitioner relies upon the record *in toto* including his Amended Petition for Habeas Corpus and Immediate with its exhibits and his Response to the Court's Show Cause Order with its exhibits in opposing Respondent's Motion to Dismiss.

1

The Court's May 19th Order directed Respondent to file "a single reply" giving him the opportunity to address any of the Petitioner's arguments he deemed relevant but at a minimum discuss whether:

1. The Petitioner's claims have been presented to the State Court through appellate review;

2. The opportunity to do so remains available to the Petitioner; and,

3. There is any factual or legal basis for excusing the Petitioner from the exhaustion requirement.

First, Petitioner's claims have been presented to the State Courts through appellate review. Petitioner filed his Motion to Review pursuant to Tenn. R. App. P. 8 in the Trial Court on December 15, 2020 raising the same issues and claims subsequently raised in his Tenn. R. App. P. 8 Motion at the Court of Criminal Appeals and his Amended Petition for Writ of Habeas Corpus and Immediate Relief including his 6th Amendment rights and unconstitutional pre-trial detention. (Motion to Review filed in the Trial Court paragraph 6 a - d; Tenn. R. App. P. 8 Motion filed in the Court of Criminal Appeals pages 3-4 and paragraph 6 a - h)[1] If the State Courts choose to ignore the issues presented to them, habeas corpus relief is warranted. (*See* Petitioner's Response to Show Cause Order pages 13-17)

Second, Petitioner has been left remediless by the State Courts' bar to habeas corpus relief. (*See* Petitioner's Response to Show Cause Order pages 3-4, 9-17) The Respondent concedes that Petitioner has no other remedy but habeas corpus relief. "Federal law mandates a Petitioner exhaust all remedies before filing a habeas petition. The Petitioner in the case at bar

---

[1] Petitioner did not receive the Trial Court's Order denying his Motion to Review until March 19, 2021. (Amended Petition for Writ of Habeas Corpus and Immediate Relief paragraphs 6 and 8)

2

has not met this requirement and, at this point, **it would be impossible for him to do so**." (*See* Respondent's Memorandum in Support of Motion to Dismiss page 3).

Third, there are both factual and legal basis for excusing the Petitioner from the exhaustion requirement. Petitioner was granted hybrid representation to file pre-trial motions and pleadings and to adequately prepare for trial to remedy his 6th Amendment violations. The State Courts have barred Petitioner from habeas corpus relief by redefining and restricting his hybrid representation and applying these restrictions retroactively without notice or hearing. The record is clear that Petitioner is the only means by which the requisite motions were going to be filed. Petitioner's remedies are exhausted since the procedure set forth by the State Courts is no longer available, regardless of the reasons for their unavailability. (*See* Petitioner's Response to Show Cause Order pages 9-17)

Therefore, Respondent's Motion to Dismiss should be denied and Petitioner's Amended Petition for Writ of Habeas Corpus and Immediate Relief be granted, and he be released on his own recognizance. In our society pre-trial liberty is the norm allowing for the right to unhampered *preparation* of a defense. *United States v. Salerno*, 481 U.S. 739, 750 (1987); *Stack v. Boyle*, 342 U.S. 1 (1951).

Respectfully submitted,

_____
Andy L. Allman
Petitioner
117 W. Smith Street
Gallatin, TN 37066

## CERTIFICATE OF SERVICE

I hereby certify that this Response to Respondent's Motion to Dismiss has been served via U.S. Mail on the 14th Day of June 2021 addressed to:

Zachary L Barker, Esq.
Assistant Attorney General
Federal Habeas Corpus Division
P.O. Box 20207
Nashville, TN 37202

Leah May Dennen
Sumner County Law Department
355 N. Belvedere Dr.
Room 303
Gallatin, TN 37066

Thomas B. Russell
Gullett, Sandford, Robinson & Martin, PLLC
150 Third Ave. S.
Suite 1700
Nashville, TN 37201

_____
Andy L. Allman