**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **ANDY L. ALLMAN,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | **No. 3:21-cv-00267** |
| **v.** | ) | **Judge Trauger** |
| | ) | |
| **SONNY WEATHERFORD,** | ) | |
| | ) | |
| **Respondent.** | ) | |

**ORDER**

Andy L. Allman filed a pro se amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. No. 7.) The court began a preliminary review of the petition to determine if it was facially sufficient. *See* Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts; *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

As part of the preliminary review, the court ordered the petitioner to show cause why the petition should not be dismissed for failure to exhaust available state court remedies. (Doc. No. 8.) The petitioner submitted a lengthy response. (Doc. No. 12.) The court ordered respondents Sonny Weatherford and Herbert H. Slatery, III, to file a joint reply that, "at a minimum, discuss[es] whether: (1) the petitioner's claims have been presented to the state courts through appellate review; (2) the opportunity to do so remains available to the petitioner; and (3) there is any factual or legal basis for excusing the petitioner from the exhaustion requirement." (Doc. No. 13 at 1.)

Instead of submitting the court-ordered reply, however, the respondents filed separate motions to dismiss. On June 3, 2021, Slatery filed a motion to dismiss contending that Weatherford is the proper party to this action. (Doc. No. 20.) On June 9, 2021, Weatherford filed a motion to dismiss (Doc. No. 21) supported by a two-page memorandum consisting mostly of basic

background information or general conclusory statements. (Doc. No. 22.) This cursory memorandum does not mention the petitioner's response to the order to show cause or any issues related to exhaustion raised by the petitioner. (*Id*.) Put succinctly, Weatherford did not address in a thoughtful manner the threshold subjects specified by the court.[1] (*Id*. at 2.)

The petitioner submitted an opposition to Weatherford's motion to dismiss that quotes the requirements set forth in the court's reply brief order and highlights arguments pertinent to exhaustion. (Doc. No. 24.) The petitioner also submitted a three-paragraph "Motion for Release Pending Disposition of Petitioner's Petition[ ] for Writ of Habeas Corpus and Immediate Relief" ("motion for release") that seeks immediate release with GPS monitoring and daily reporting. (Doc. No. 23.) In light of these filings, and to facilitate the orderly completion of the court's preliminary review, the court orders as follows.

1.    Slatery's Motion to Dismiss (Doc. No. 20) is **GRANTED**. The appropriate respondent for "a habeas petitioner challenging his present physical custody within the United States" is his "immediate custodian." *MPawinayo, v. Hall*, No. 3:20-cv-01097, 2021 WL 1984944, at *2 (M.D. Tenn. May 18, 2021) (quoting *Rumsfeld v. Padilla*, 542 U.S. 426, 449-50 (2004)). "[T]he Attorney General . . . is the state's lawyer, not the prisoner's custodian." *Id*. (quoting *Hogan v. Hanks*, 97 F.3d 189, 190 (7th Cir. 1996)). Here, Weatherford has conceded that he is in physical control of the petitioner under Tennessee law. (Doc. No. 21 at 1.) Thus, Slatery is appropriately **DISMISSED**.

2.    Weatherford **MUST** submit a reply that addresses with specificity the issues raised by the petitioner in the response (Doc. No. 12) and opposition (Doc. No. 24), as well as the subjects

---

[1] This is especially surprising given that six attorneys appeared for Weatherford for the apparent purpose of submitting the reply.

previously outlined by the court (Doc. No. 13 at 1), including whether: (1) the petitioner's claims have been presented to the state courts through appellate review; (2) the opportunity to do so remains available to the petitioner; and (3) there is any factual or legal basis for excusing the petitioner from the exhaustion requirement. The reply should include pertinent legal analysis, citations to the record, and references to relevant state and federal law. The reply **MUST** be submitted within **TEN DAYS** of the date this order is entered on the docket.

3.      Weatherford **SHALL** also respond to the petitioner's motion for release within **TEN DAYS** of the date this order is entered on the docket. The respondent shall provide a substantive response to the motion, irrespective of the pending order to show cause, that at a minimum discusses any legal basis for the petitioner's release or enlargement of custody.

4.      Except as specified herein, the Weatherford's motion to dismiss and the petitioner's motion for release are **HELD IN ABEYANCE** pending a determination regarding whether the petition is properly before the court. The court will issue an order in due course concerning preliminary review of the petition and the order to show cause.

It is so **ORDERED**.

Aleta A. Trauger
United States District Judge