IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | | |
|---|---|---|
| ANDY L. ALLMAN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:21-cv-00267 |
| | ) | |
| SONNY WEATHERFORD, SHERIFF | ) | District Judge Trauger |
| OF SUMNER COUNTY, TN, and | ) | Mag. Judge Frensley |
| HERBERT H. SLATERY, III, | ) | |
| TENNESSEE STATE ATTORNEY | ) | |
| GENERAL, | ) | |
| | ) | |
| Respondents. | ) | |

**RESPONDENT SONNY WEATHERFORD'S RESPONSE TO PETITIONER'S MOTION FOR RELEASE PENDING DISPOSITION OF PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS AND IMMEDIATE RELIEF**

For his response to Petitioner's Motion for Release Pending Disposition of Petitioner's Petition for Writ of Habeas Corpus and Immediate Relief (the "Motion"), Respondent, Sumner County Sheriff Sonny Weatherford ("Respondent Weatherford"), through counsel, states the following:

## Introduction

Like his pending state court criminal proceedings, Petitioner's current pre-trial confinement is the result of his own bad acts. Indeed, Petitioner's inability to refrain from the unauthorized practice of law since the Tennessee Supreme Court disbarred him on June 19, 2018, and his continued misappropriation of clients' money, require his current pre-trial confinement to continue and his bail amount to remain unchanged. Moreover, the Court should refrain from

1

hearing the Motion because Petitioner has failed to exhaust his state court options, and Petitioner has failed to identify any extraordinary circumstances that would cause this Court to hear it.

## Background Facts

A.   **Tennessee Supreme Court Disbarment Action**

On September 9, 2016, the Tennessee Supreme Court temporarily suspended Petitioner from practicing law "upon finding [Petitioner] failed to respond to the Board regarding complaints of misconduct, misappropriated funds and posed a threat of substantial harm to the public." (September 9, 2016, Release of Information (the "September 9 Release") attached as **Exhibit A**). The September 9 Release also notes that Petitioner "is immediately precluded from accepting any new cases, and he must cease representing existing clients by October 9, 2016." (September 9 Release). Despite the Tennessee Supreme Court's guidance, Petitioner continued to practice law. On June 19, 2018, the Tennessee Supreme Court disbarred Petitioner and ordered him to pay $320,050.00 after a Petition for Discipline was filed against him, which contained seventy-nine (79) separate complaints from individual clients. (*See* June 19, 2018, Release of Information (the "June 19 Release") attached as **Exhibit B**). The June 19 Release also provides:

> The Hearing Panel found [Petitioner] knowingly, intentionally and systematically failed to provide the substantive professional services for which he was retained, misappropriated unearned retainer fees provided by those clients and converted the funds to his personal or business use, and misled clients regarding the status of their cases and the filing of pleadings. The Panel further found [Petitioner] failed to notify his clients of his temporary suspension, engaged in the unauthorized practice of law and failed to respond to the Board regarding a disciplinary complaint.

(*See* June 19, Release). On July 13, 2018, the Tennessee Supreme Court entered a second order disbarring Petitioner and ordering him to pay $322,898.85 in restitution based on "a Petition for Discipline involving forty-six (46) separate disciplinary complaints filed against [Petitioner], an unfiled Supplemental Petition for Discipline containing nine (9) complaints and two (2)

disciplinary complaints under investigation." (July 13, 2018, Release of Information (the "July 13 Release") attached as **Exhibit C**). The July 13 Release also notes:

> [Petitioner] knowingly and intentionally misappropriate client funds received in the settlement of litigation claim and life insurance proceeds held in trust for a minor child, knowingly, intentionally and systematically misappropriated unearned retainer fees and converted the funds to his personal or business use, failed to provide the substantive professional services for which he was retained, and misled clients regarding the status of their cases and the filing of pleadings. [Petitioner] failed to notify his clients of his temporary suspension, engaged in the unauthorized practice of law, and failed to respond to the Board regarding a disciplinary complaint.

(July 13 Release). On July 31, 2018, the Tennessee Supreme Court disbarred Petitioner for a third time and ordered $511,386.50 in restitution based on "a Petition for Discipline, Supplemental Petition for Discipline, Second Supplemental Petition for Discipline, and Third Supplemental Petition for Discipline involving seventy-four (74) separate disciplinary complaints." (July 31, 2018, Release of Information (the "July 31 Release") attached as **Exhibit D**).

B.  **Tennessee Criminal Trial Court Action**

On August 10, 2017, in case CR-548-2017, the State of Tennessee indicted Petitioner on twenty-eight (28) counts:

| Counts 1-17 and 23 | Theft By Deception or Trust Breach |
| Counts 18-22 and 24-26 | False Attorney Representation |
| Counts 27-28 | License Impersonation/Practicing Without a License |

(Doc. 1-6). On December 6, 2017, in case CR-875-2017, the State of Tennessee indicted Petitioner on eleven (11) counts:

| Counts 1-9 | Theft by Deception |
| Counts 10-11 | False Attorney Representation |

(Doc. 1-6). The Tennessee Criminal Court set Petitioner's bail at $25,000.00, for which Woodard Bonding posted a bond on Petitioner's behalf on December 15, 2017. (*See* **Exhibit E**). On March 5, 2020, the State of Tennessee indicted Petitioner for unlawfully and falsely holding himself out

3

845001.1/020210378
Case 3:21-cv-00267   Document 26   Filed 07/01/21   Page 3 of 9 PageID #: 1078

as a lawyer and unlawfully and knowingly obtaining and exercising control over his clients' money without authorization. (*See* **Exhibit F**). On that same date, the Tennessee Criminal Court set Petitioner's bail at $2,500,000.00. (*See* **Exhibit G**). On April 7, 2020, after a two-day hearing, the Tennessee Criminal Court entered an order revoking Petitioner's bond (the "April 7 Order"). (Doc. 1-4).

    **C.**       **Petitioner's Failure to Exhaust Tennessee's Appellate Procedures**

On December 15, 2020, Petitioner filed his Motion to Review, Set Aside Order of Revocation and for Release to House Arrest (the "Motion for Reduction and Release") (Doc. 1-3), which the Tennessee Criminal Court denied on December 18, 2020 (the "Denial Order"). (Doc. 1-7). On February 22, 2021, Petitioner sought appellate review of the Denial Order (Doc. 1-8), which the Tennessee Criminal Court of Appeals denied on March 17, 2021 (the "TCCA Denial Order"). Petitioner has neither sought further review of the TCCA Denial Order, nor filed a new Rule 8 Appeal. Indeed, in the TCCA Denial Order, the Tennessee Court of Appeals stated, in relevant part:

> In the *pro se* motion the Defendant filed on December 15, 2020, he requested the trial court to reconsider its order of revocation from April 9, 2020. As noted above, the Defendant, by and th[r]ough counsel, previously sought appellate review of that order. This Court summarily denied that request, however, because counsel did not comply with the provisions of Rule 8. Docket No. M2020-00710-CCA-R10-CD (May 19, 2020) (Order). Counsel has not since filed a renewed Rule 8 motion in either the trial court of this Court. The trial court's order of December 18, 2020, summarily denying the Defendant's pro se motion presents nothing for this Court to review under the provisions of Rule 8.
>
>     . . .
>
> Accordingly, in order for the Defendant to obtain appellate review of the bond revocation order, and as previously instructed, counsel must file an appropriate Rule 8 motion.

(TCCA Denial Order).

**Argument and Authority**

Petitioner's actions demonstrate that he has no regard for the Tennessee Supreme Court's or the Tennessee Criminal Court's directives for him not to engage in the unauthorized practice of law, despite the fact that he has been disbarred. To ensure Petitioner does not engage in the unauthorized practice of law or continue misappropriating his clients' money, which led to his most recent bond revocation, the Tennessee Criminal Court set Petitioner's bail at $2,500,000.00. Despite these facts, through his Motion for Release, Petitioner asks the Court to disregard the Tennessee Criminal Court's determination that Petitioner poses a legitimate threat to Tennesseans.

Petitioner cites no authority to support his request for release pending "disposition of his Petition for Writ of Habeas Corpus and Immediate Relief." (*See generally* Doc. 23).[1] Petitioner is a pre-trial detainee, who the State of Tennessee has determined (after notice to Petitioner and opportunity for him to be heard) must be detained pending trial because he, through his actions, has demonstrated that he cannot refrain from the unauthorized practice of law or misappropriating his clients' money (the crimes which initiated these proceedings). (*See* Doc. 1-4 and April 2-3, 2020, Hearing Transcript Excerpt (**Exhibit H**). Further, Tennessee law is quite intolerant of defendants who commit additional crimes while out of jail on bond.[2] As the Tennessee Supreme

---

[1] Petitioner cites several cases regarding possible prejudice to a pre-trial detainee's efforts to establish a defense (Doc. 23, p. 2), but Petitioner is represented by counsel, who can review Petitioner's trial preparation materials with him, and the trial of his matter is scheduled for November 1, 2021, which gives Petitioner and his counsel more than adequate time to prepare.

[2] Tenn. Code Ann. § 40-11-141(b) provides:

> If after the defendant is released upon personal recognizance, an unsecured personal appearance bond, or any other bond approved by the court, the defendant violates a condition of release, is charged with an offense committed during the defendant's release, or engages in conduct which results in the obstruction of the orderly and expeditious progress of the trial or other proceedings, then the court may revoke and terminate the defendant's bond and order the defendant held without bail pending trial or without release during trial.

*See also State v. Burgins*, 464 S.W.3d 298 (Tenn. 2015) (establishing Tennessee's procedures for pre-trial bail revocation).

Court has noted, releasing Petitioner (or reducing his bail) poses an immediate and serious threat to Tennesseans. (*See* **Exhibit A**).

Moreover, federal courts have made clear that they will not interfere in pending state court criminal matters when the petitioner has not exhausted his state court appellate rights. *See Smith v. Hall*, No. 3:12-c-1022, 2013 U.S. Dist. LEXIS 21448, at *4-5 (M.D. Tenn. Feb. 13, 2013) ("Thus, even those habeas petitioners proceeding under § 2241 'must exhaust all available state court remedies before proceeding in federal court, and this usually requires that they appeal an adverse decision all the way to the state's court of last resort.'"). Here, it is indisputable that Petitioner has failed to exhaust his state court appellate rights with respect to his request for bail review and immediate release. Indeed, on March 17, 2021, Petitioner sought appellate review of the Denial Order, which denied his Motion for Reduction and Release. (Doc. 1-7). The Tennessee Criminal Court of Appeals declined Petitioner's Motion for Reduction and Release, which left Petitioner with two options, neither of which he has exercised and both of which preclude this Court from hearing this motion for release.

First, Petitioner's claims are procedurally barred, as Petitioner had fifteen (15) days from the date the Tennessee Criminal Court of Appeals filed its order to seek further review, which he failed to do. *See* Tenn. R. App. P. Rule 8 ("A party may appeal a Court of Criminal Appeals' decision on a motion for review by filing a motion for review in the Supreme Court within 15 days of filing of the Court of Criminal Appeals' order."); *see*, *e.g.*, *Alley v. Bell*, 101 F. Supp. 2d 588 (W.D. Tenn. 1999), *Spivey v. Jenkins*, No. 4:16CV0384, 2017 U.S. Dist. LEXIS 196997 (N.D.

---

Tenn. Code Ann. § 40-11-148(a) provides:

> When a defendant has been admitted to and released on bail for a criminal offense, whether prior to or during trial or pending appeal, and the defendant is charged with the commission of one (1) or more bailable offenses while released on bail, the judge shall set the defendant's bail on each new offense in an amount not less than twice that which is customarily set for the offense charged.

Ohio Nov. 30, 2017), and *Elder v. State*, No. 1:13cv1348, 2013 U.S. Dist. LEXIS 103574 (N.D. Ohio July 24, 2013) (noting that a petitioner can procedurally default, which bars federal courts from hearing petitions for state court inmates). Or, second, Petitioner has failed to exhaust his state court options because he could have refiled his Rule 8 motion, which he failed to do. Accordingly, this Court should decline to hear Petitioner's Motion due to Petitioner's failure to exhaust his state court appellate options.

In addition, abstention under *Younger v. Harris* is appropriate. *See* 401 U.S. 37 (1971). The *Younger* abstention doctrine, which is applicable to habeas cases, "requires a federal court to abstain from interfering with pending state civil or criminal proceedings involving important state interests, absent extraordinary circumstances." *Smith*, 2013 U.S. Dist. LEXIS 21448, at *8-9 (citations omitted). Here, not only has Petitioner failed to identify an extraordinary circumstance, but Tennessee has a very real and very legitimate interest in preventing Petitioner from harming additional Tennesseans pending the Court's habeas review and, frankly, pending full adjudication of Petitioner's criminal proceedings.

## Conclusion

Petitioner's inability to refrain from the unauthorized practice of law since his disbarment by the Tennessee Supreme Court on June 19, 2018, and his continued misappropriation of clients' money, require his current pre-trial confinement to continue and bail amount to remain unchanged. Moreover, the Court should refrain from hearing the Motion because Petitioner has failed to exhaust his state court remedies, and he has failed to identify any extraordinary circumstances that would cause this Court to hear it.

Respectfully submitted:

*/s/ Thomas B. Russell*
Thomas B. Russell, #26011
Sarah L. Locker, #31994
William C. Scales, Jr., #36457
GULLETT SANFORD ROBINSON & MARTIN PLLC
150 Third Avenue South, Suite 1700
Nashville, TN 37201
615-244-4994
trussell@gsrm.com; slocker@gsrm.com
wscales@gsrm.com

Leah May Dennen, #12711
Sumner County Law Director
Benjamin C. Allen, #35923
355 North Belvedere Drive, Room 303
Gallatin, TN 37066
615-451-6060
LeahMay@sumnercountytn.gov
ben@sumnercountytn.gov

*Attorneys for Sonny Weatherford*

**CERTIFICATE OF SERVICE**

       I hereby certify that on the 1st day of July, 2021, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular mail. Parties may access this filing through the Court's electronic filing system.

| | |
|---|---|
| Andy L. Allman, #109261<br>c/o Sumner County Jail<br>117 W. Smith Street<br>Gallatin, TN 37066<br><br>*Pro Se Petitioner* | Zachary L. Barker, Esq.<br>Assistant Attorney General<br>Federal Habeas Corpus Division<br>PO Box 20207<br>Nashville, TN 37202<br>Zachary.Barker@ag.tn.gov<br><br>*Attorneys for Herbert H. Slatery, III* |

                                            */s/ Thomas B. Russell*

9
845001.1/020210378
Case 3:21-cv-00267    Document 26    Filed 07/01/21    Page 9 of 9 PageID #: 1084