IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | | |
|---|---|---|
| ANDY L. ALLMAN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:21-cv-00267 |
| | ) | |
| SONNY WEATHERFORD, SHERIFF | ) | District Judge Trauger |
| OF SUMNER COUNTY, TN, and | ) | Mag. Judge Frensley |
| HERBERT H. SLATERY, III, | ) | |
| TENNESSEE STATE ATTORNEY | ) | |
| GENERAL, | ) | |
| | ) | |
| Respondents. | ) | |

## RESPONDENT SONNY WEATHERFORD'S REPLY TO PETITIONER'S RESPONSE TO RESPONDENT SONNY WEATHERFORD'S MOTION TO DISMISS

For his reply to Petitioner's Response to his Motion to Dismiss (the "Response"), Respondent, Sumner County Sheriff Sonny Weatherford ("Respondent Weatherford"), through counsel, states the following:

### Introduction

The Court should disregard Petitioner's Response because it misrepresents the procedural facts of this case and misconstrues the Tennessee Criminal Court of Appeals' and Tennessee Criminal Court's guidance regarding Petitioner's "hybrid representation" model. Because Petitioner has failed to exhaust his state court options, this Court cannot hear his petition for habeas relief.

1

## Background Facts

A.  **Tennessee Criminal Trial Court Action**

On August 10, 2017, in case CR-548-2017, the State of Tennessee indicted Petitioner on twenty-eight (28) counts:

| Counts 1-17 and 23 | Theft By Deception or Trust Breach |
| Counts 18-22 and 24-26 | False Attorney Representation |
| Counts 27-28 | License Impersonation/Practicing Without a License |

(Doc. 1-6). On December 6, 2017, in case CR-875-2017, the State of Tennessee indicted Petitioner on eleven (11) counts:

| Counts 1-9 | Theft by Deception |
| Counts 10-11 | False Attorney Representation |

(Doc. 1-6). The Tennessee Criminal Court set Petitioner's bail at $25,000.00, for which Woodard Bonding posted a bond on Petitioner's behalf on December 15, 2017. (*See* **Exhibit A**). On March 5, 2020, the State of Tennessee indicted Petitioner for unlawfully and falsely holding himself out as a lawyer and unlawfully and knowingly obtaining and exercising control over his clients' money without authorization. (*See* **Exhibit B**). On that same date, the Tennessee Criminal Court set Petitioner's bail at $2,500,000.00. (*See* **Exhibit C**). On April 7, 2020, after a two-day hearing, the Tennessee Criminal Court entered an order revoking Petitioner's bond (the "April 7 Order"). (Doc. 1-4).

B.  **Petitioner's Failure to Exhaust Tennessee's Appellate Procedures**

On December 15, 2020, Petitioner filed his Motion to Review, Set Aside Order of Revocation and for Release to House Arrest (the "Motion for Reduction and Release") (Doc. 1-3), which the Tennessee Criminal Court denied on December 18, 2020 (the "Denial Order"). (Doc. 1-7). On February 22, 2021, Petitioner sought appellate review of the Denial Order (Doc. 1-8), which the Tennessee Criminal Court of Appeals denied on March 17, 2021 (the "TCCA Denial

Order"). Petitioner has neither sought further review of the TCCA Denial Order, nor filed a new Rule 8 Appeal. Indeed, in the TCCA Denial Order, the Tennessee Court of Appeals stated, in relevant part:

> In the *pro se* motion the Defendant filed on December 15, 2020, he requested the trial court to reconsider its order of revocation from April 9, 2020. As noted above, the Defendant, by and th[r]ough counsel, previously sought appellate review of that order. This Court summarily denied that request, however, because counsel did not comply with the provisions of Rule 8. Docket No. M2020-00710-CCA-R10-CD (May 19, 2020) (Order). Counsel has not since filed a renewed Rule 8 motion in either the trial court of this Court. The trial court's order of December 18, 2020, summarily denying the Defendant's *pro se* motion presents nothing for this Court to review under the provisions of Rule 8.
>
> . . .
>
> Accordingly, in order for the Defendant to obtain appellate review of the bond revocation order, and as previously instructed, counsel must file an appropriate Rule 8 motion.

(TCCA Denial Order).

## **Argument and Authority**

In his Response, Petitioner incorrectly asserts that his "claims have been presented to the State Courts through appellate review" and that he "has been left remediless by the State Courts' bar to habeas corpus relief." (Doc. 24, p. 2). To the contrary, it is indisputable that Petitioner has failed to exhaust his state court appellate rights as they relate to his petition for habeas relief. Indeed, on March 17, 2021, Petitioner sought appellate review of the Denial Order, which denied his Motion for Reduction and Release. (Doc. 1-7). The Tennessee Criminal Court of Appeals declined Petitioner's Motion for Reduction and Release, which left Petitioner with two options, neither of which he has exercised and both of which preclude this Court from hearing his habeas petition.

3

845379.1/020200715
Case 3:21-cv-00267   Document 27   Filed 07/01/21   Page 3 of 7 PageID #: 1131

First, Petitioner's claims are procedurally barred as Petitioner had fifteen (15) days from the date the Tennessee Criminal Court of Appeals filed it order to seek further review, which he failed to do. *See* Tenn. R. App. P. Rule 8 ("A party may appeal a Court of Criminal Appeals' decision on a motion for review by filing a motion for review in the Supreme Court within 15 days of filing of the Court of Criminal Appeals' order."); *see, e.g.*, *Alley v. Bell*, 101 F. Supp. 2d 588 (W.D. Tenn. 1999), *Spivey v. Jenkins*, No. 4:16CV0384, 2017 U.S. Dist. LEXIS 196997 (N.D. Ohio Nov. 30, 2017), and *Elder v. State*, No. 1:13cv1348, 2013 U.S. Dist. LEXIS 103574 (N.D. Ohio July 24, 2013) (noting that a petitioner can procedurally default, which bars federal courts from hearing petitions for state court inmates). Or, second, Petitioner has failed to exhaust his state court options because he could have refiled his Rule 8 motion, which he failed to do. Accordingly, Petitioner's representations that his "claims have been presented to the State Courts through appellate review" and that he "has been left remediless by the State Courts' bar to habeas corpus relief" are incorrect.

Next, Petitioner incorrectly asserts he "was granted hybrid representation to file pre-trial motions and pleadings and to adequately prepare for trial to remedy his 6th Amendment violation." (Doc. 24, p. 3). Both the Denial Order and the TCCA Denial Order directly contradict that assertion. In the Denial Order, the Tennessee Criminal Court noted the following:

> It is important to note that the Defendant has been disbarred by the Tennessee Board of Professional Responsibility. Further, on October 5, 2020, this Court granted the requests of the Defendant and his attorney to allow 'hybrid representation' in the cases. *State v. Burkhart, 541 SW 2d 365 (Tenn. 1976)*; *State v. Franklin, 714 SW 2d 252 (Tenn. 1986)*. However, the granting of 'hybrid representation' makes no allowance for the Defendant to file **ANY** motions or pleadings before this Court. 'Hybrid representation' only concerns the assistance of the Defendant at a jury trial.

(Denial Order, p. 2) (emphasis in original). The Tennessee Court of Appeals reinforces the Tennessee Criminal Court's guidance by noting, in relevant part:

> The trial court had the discretion in this case to permit hybrid representation within the parameters it deemed necessary to ensure 'a fair, just and orderly trial.' *Burkhart*, 541 S.W.2d at 371. Thus, it also had the discretion to prohibit the Defendant from filing any pretrial motions. *See Small*, 988 S.W.2d at 674 (citing *State v. Franklin*, 714 S.W.2d 252, 258 (Tenn. 1986) (in hybrid representation case [sic], trial court has 'discretion in marshalling the trial')). There is nothing before this Court demonstrating how the trial court abused its discretion in that respect. The Defendant is still represented by counsel. Accordingly, in order for the Defendant to obtain appellate review of the bond revocation order, and as previously instructed, counsel must file an appropriate Rule 8 motion.

(TCCA Denial Order, p. 3). It is also important to reiterate that Petitioner has not sought further review of the TCCA Denial Order, which precludes this Court from hearing Petitioner's hybrid representation concerns. *See*, *e.g.*, *Rayner v. Mills,* 685 F.3d 631, 643 (6th Cir. 2012) (A federal court may only entertain a habeas petition if the petitioner can demonstrate he properly exhausted all remedies by presenting "every claim in the federal petition to each level of the state courts, including the highest state court to which the petitioner is entitled to appeal.").

## Conclusion

The Court should disregard Petitioner's Response, because it misrepresents the procedural facts of this case and misconstrues the Tennessee Criminal Court of Appeals' and Tennessee Criminal Court's guidance regarding Petitioner's "hybrid representation" model. Because Petitioner has failed to exhaust his state court options, this Court cannot hear his petition for habeas relief.

Respectfully submitted:

*/s/ Thomas B. Russell*
Thomas B. Russell, #26011
Sarah L. Locker, #31994
William C. Scales, Jr., #36457
GULLETT SANFORD ROBINSON & MARTIN PLLC
150 Third Avenue South, Suite 1700
Nashville, TN 37201
615-244-4994
trussell@gsrm.com; slocker@gsrm.com
wscales@gsrm.com

Leah May Dennen, #12711
Sumner County Law Director
Benjamin C. Allen, #35923
355 North Belvedere Drive, Room 303
Gallatin, TN 37066
615-451-6060
LeahMay@sumnercountytn.gov
ben@sumnercountytn.gov

*Attorneys for Sonny Weatherford*

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 1st day of July, 2021, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular mail. Parties may access this filing through the Court's electronic filing system.

| | |
|---|---|
| Andy L. Allman, #109261<br>c/o Sumner County Jail<br>117 W. Smith Street<br>Gallatin, TN 37066<br><br>*Pro Se Petitioner* | Zachary L. Barker, Esq.<br>Assistant Attorney General<br>Federal Habeas Corpus Division<br>PO Box 20207<br>Nashville, TN 37202<br>Zachary.Barker@ag.tn.gov<br><br>*Attorneys for Herbert H. Slatery, III* |

                                        */s/ Thomas B. Russell*