IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| ANDY L. ALLMAN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| ) | |
| v. ) | Civil Action No. 3:21-cv-00267 |
| ) | |
| SONNY WEATHERFORD, SHERIFF ) | District Judge Trauger |
| OF SUMNER COUNTY, TN, and ) | Mag. Judge Frensley |
| HERBERT H. SLATERY, III, ) | |
| TENNESSEE STATE ATTORNEY ) | |
| GENERAL, ) | |
| ) | |
| Respondents. ) | |

## RESPONDENT SONNY WEATHERFORD'S
## RESPONSE TO COURT ORDER OF JUNE 23, 2021

Comes the Respondent, Sherriff Sonny Weatherford ("Respondent Weatherford"), by counsel and for his Response to the Court's June 23, 2021 Order and Petitioner's Response to the District Court's Order to Show Cause states as follows: [1]

### I.  INTRODUCTION

Petitioner filed an Amended Habeas Petition on April 8, 2021. (Docket Entry No. 7). On April 12, 2012, the Court filed a Show Cause Order to which the Petitioner filed a Response. On June 13, 2021, the Court ordered Respondents to answer certain concerns regarding Petitioner's habeas relief. Both Respondents filed Motions to Dismiss. (Docket Entry Nos. 20 and 21). The Court granted the Attorney General's Motion and ordered Respondent Weatherford to respond to the following: (1) the questions in the Court's June 13, 2021, Order (Docket Entry No. 13) and

---

[1] The June 23, 2012 Order also required Respondent Weatherford to (i) reply to Petitioner's Response to Respondent Sonny Weatherford's Motion to Dismiss and (ii) respond to Petitioner's Motion for Release Pending Disposition of Petitioner's Petition for Writ of Habeas Corpus and Immediate Relief. These responses are in separate filings.

1

(2) Petitioner's Response to the District Court's Order to Show Cause (Docket Entry No. 12). As explained below, the Petitioner did not exhaust his state remedies before filing his Amended Petition, thus, his Petition should be denied.

## II. FACTS

Petitioner is charged with theft, falsely representing himself as a lawyer and, among other crimes, practicing law without a license. (Docket entry No. 20). Per state law, Petitioner is currently a pre-trial detainee housed in the Sumner County Jail. (Docket Entry No. 7).

Petitioner retained attorney Gary Copas to represent him. (Docket Entry No. 1-13). Per the agreement attorney Copas represented the Petitioner at the trial level by filing and arguing motions on the Petitioner's behalf. The agreement specifically stated attorney Copas would not prosecute any appeal unless the parties entered into a separate agreement. (Id.).

The Court allowed this "hybrid representation" but limited its scope. (Docket Entry No. 1-7). Petitioner's involvement is limited to assistance at the trial. He was not to file any motions with the Court. Instead, that task fell to his attorney. (Id.).

On December 15, 2020, Petitioner filed his Motion to Review, Set Aside Order of Revocation and for Release to House Arrest (the "Motion for Reduction and Release"). (Docket Entry No. 1-3), which the Trial Court denied on December 18, 2020 (the "Denial Order"). (Docket Entry No. 1-7). On February 22, 2021, Petitioner sought appellate review of the Denial Order (Doc. 1-8), which the Tennessee Criminal Court of Appeals denied on March 17, 2021 (Docket Entry No. 1-7). Petitioner has provided no evidence that, pursuant to Tenn. R. App. P. Rule 8, he appealed the denial order to the Tennessee Supreme Court.

2
845135.1/020210378
Case 3:21-cv-00267   Document 28   Filed 07/01/21   Page 2 of 8 PageID #: 1146

On April 8, 2021, Petitioner filed an amended Petition for Writ of Habeas Corpus and Immediate Relief Pursuant to 28 U.S.C. sect 2241. (Docket Entry No. 7). He requests multiple relief, including but not limited to immediate release. (Id.).

The Court entered a Show Cause Order requiring the Petitioner to demonstrate he exhausted his state remedies and, if not, why he should be excused. (Docket Entry No. 8). On May 11, 2021, Petitioner filed a Response to the Court's Order to Show Cause. (Docket Entry No. 12). On May 19, 2021, the Court entered an Order requiring the Respondents to file a joint reply to address three concerns of the Court. (Docket Entry No. 13).

Respondent Weatherford contacted the State Attorney General ("AG") to discuss the joint response. The AG informed Respondent Weatherford he would not file a joint response and, instead, would file his own Motion to Dismiss. (June 2, 2021, E-mails between counsel, attached as **Exhibit A**). On June 3, 2021, the AG filed a Motion to Dismiss. (Docket Entry No. 20). On June 9, 2021, Respondent Weatherford filed his Motion to Dismiss. (Docket Entry No. 21). On June 11, 2021, the Petitioner filed a Response to Respondent Weatherford's Motion to Dismiss. (Docket Entry No. 24). On May 19, 2021, the Court granted the AG's Motion to Dismiss and ordered Respondent Weatherford to respond to the May 19, 2021 Order and Response to Show Cause. (Docket Entry No. 25).

### III. ARGUMENT

Habeas Petitions are rare for pre-trial detainees. A petitioner must exhaust his state remedies before filing a habeas petition. As the Petitioner did not perform this task before filing, his Petition should be dismissed.

### A. The Law

A petitioner must exhaust his state remedies before filing a habeas petition. To that end, courts hold:

> The Sixth Circuit has explained that while 'a pretrial detainee may petition for habeas relief, [] such claims are extraordinary.' *Christian v. Wellington*, 739 F. 3d 294, 297 (6th Cir. 2014). This is because 'if the issues raised in the petition may be resolved either by trial on the merits in the state courts or by other state procedures available to the petitioner,' a federal court should abstain from exercising its habeas jurisdiction under § 2241 until after the petitioner exhausts his available state court remedies by giving state courts the first opportunity to adjudicate his challenges to the propriety of the prosecution. *Atkins v. Michigan*, 644 F.2d 543, 546 n. 1 (6th Cir. 1981); *Gully v. Kunzman*, 592 F.2d 283, 286 (6th Cir. 1979) (acknowledging federal courts' authority to consider a habeas corpus petition before a judgment of conviction is entered, but noting that 'considerations of federalism counsel strongly against exercising the power except in the most extraordinary circumstances'). As a result, petitions for pretrial habeas relief are typically denied. *In re Justices of Superior Court Dept. of Mass. Trial Ct.*, 218 F.3d 11, 17-18 (1st Cir. 2000).

*Lowe v. Prindle*, 2014 U.S. Dist. LEXIS 100718, *7-9 (U.S. Dist. Ct. E. D. Ky. July 24, 2014).

. . .

> The burden is on the petitioner to demonstrate compliance with the exhaustion requirement or that the state procedure would be futile.

*Potentate Abiyah Habin Yah v Bolton*, 2017 U.S. Dist. Lexis 75064, *4 (U.S. Dist. Ct. W.D. Ky. May 17, 2017).

### B. Reply to June 23, 2021 Order

First and foremost, Respondent Weatherford apologizes to the Court for not filing a joint, single reply with the AG. As is noted above, the AG did not want to do this and instead filed a Motion to Dismiss. The Court ordered Respondent Weatherford to respond to the issues raised in this Order. (Docket Entry No. 13).

> (1) <u>The petitioner's claims have been presented to the state courts through appellate review</u>.

As explained above, the Petitioner must exhaust all state remedies before filing a habeas action. Petitioner did not file a Rule 8 appeal to the Supreme Court with respect to his Motion for Reduction and Release before filing his Habeas Petition. As he failed to exhaust his state remedies, his Petition is not ripe and should be dismissed.

> (2) <u>The opportunity to do so remains available to the petitioner</u>.

Rule 8 states any appeal of the decision of the Court of Criminal Appeals should be made within 15 days of entry of the order. While this time period has expired, the fact remains the Petitioner did not exhaust his state remedies as required. He further has not given this Court any reason the state procedures are futile.

> (3) <u>There is no factual or legal basis for excusing the petitioner from the exhaustion requirement</u>.

Petitioner is a former lawyer. He has retained counsel. He has been able to file professional, typed motions from jail. He has access to legal research in the Sumner County Jail. (Declaration of Jail Administrator Jerry Scott, attached as **Exhibit B**). If he was unhappy with his counsel, he could have retained new counsel or proceeded *pro se*. With all these resources, there is no reason the Petitioner should be excused from the exhaustion requirement.

**C. Reply to Petitioner's Response to the District Court's Order to Show Cause**

On April 12, 2021, the Court entered an Order to Show Cause as to why Petitioner's Amended Habeas Corpus Petition should not be dismissed for failure to exhaust state remedies. Specifically, the Court wanted the Petitioner to show (1) when each of his claims were considered and ruled upon by the trial court and TCCA, and (2) why the petitioner should not be subject to the exhaustion requirement. (Docket Entry No. 8). In his Petition, the Petitioner seeks habeas

relief for (1) immediate release for trial preparation; (2) release to house arrest; (3) failure of the state to prove theft by a preponderance of evidence; (4) revocation of his bond; and (5) the $2.5 million bail was unconstitutional. (Docket Entry No. 7).

A close reading of Plaintiff's Response to Show Cause Order reveals he does not address any of the relief requested in his Amended Petition. (Docket Entry No. 12). He certainly does not inform the Court any of these claims were considered by the TCCA. Instead, he spends the majority of his Response complaining about how the trial court interpreted his hybrid representation. (Id.) As the Petitioner did not address the Court's concerns regarding the TCCA addressing his concerns, it is not responsive to the Show Cause Order.

The Petitioner argues he should be excused from exhaustion of state remedies because of the manner in which the trial court interpreted the hybrid representation. (Id.). Petitioner argues his retained attorney Copas would not file appeals for him, and the court limited the Petitioner's involvement to the trial only. This argument does not excuse the Petitioner from exhausting his remedies. The Petitioner could fire Mr. Copas and retain an attorney willing to perform appellate work, or Petitioner could retain no attorney and proceed *pro se*. Simply put, Petitioner has no valid reason to be excused from the exhaustion remedy. As he has not exhausted his state remedies, and his Petition should be denied.

### IV. CONCLUSION

For the above mentioned reasons, Respondent Weatherford respectfully requests this Court to deny the Amended Petition.

6
845135.1/020210378
Case 3:21-cv-00267   Document 28   Filed 07/01/21   Page 6 of 8 PageID #: 1150

Respectfully submitted:

*/s/ Thomas B. Russell*
Thomas B. Russell, #26011
Sarah L. Locker, #31994
William C. Scales, Jr., #36457
GULLETT SANFORD ROBINSON & MARTIN PLLC
150 Third Avenue South, Suite 1700
Nashville, TN 37201
615-244-4994
trussell@gsrm.com; slocker@gsrm.com
wscales@gsrm.com

Leah May Dennen, #12711
Sumner County Law Director
Benjamin C. Allen, #35923
355 North Belvedere Drive, Room 303
Gallatin, TN 37066
615-451-6060
LeahMay@sumnercountytn.gov
ben@sumnercountytn.gov

*Attorneys for Sonny Weatherford*

**CERTIFICATE OF SERVICE**

       I hereby certify that on the 1st day of July, 2021, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular mail. Parties may access this filing through the Court's electronic filing system.

| | |
|---|---|
| Andy L. Allman, #109261<br>c/o Sumner County Jail<br>117 W. Smith Street<br>Gallatin, TN 37066<br><br>*Pro Se Petitioner* | Zachary L. Barker, Esq.<br>Assistant Attorney General<br>Federal Habeas Corpus Division<br>PO Box 20207<br>Nashville, TN 37202<br>Zachary.Barker@ag.tn.gov<br><br>*Attorneys for Herbert H. Slatery, III* |

                                      */s/ Thomas B. Russell*

8

845135.1/020210378
Case 3:21-cv-00267  Document 28  Filed 07/01/21  Page 8 of 8 PageID #: 1152