IN THE UNTED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE AT NASHVILLE

FILED
JUL 02 2021 DB
U.S. DISTRICT COURT
MIDDLE DISTRICT OF TN.

ANDY L. ALLMAN )
Petitioner )
 )
 ) Docket No. 3:21-cv-00267
 ) From the Tennessee Court of Criminal
vs. ) Appeals No. M2021-00196-CCA-R8-CO
 ) Sumner County Criminal Court Cases:
 ) No. 2017-CR-548
SONNY WEATHERFORD, ) No. 2017-CR-875
SHERIFF OF SUMNER ) No. 2020-CR-133
COUNTY, TN )
Respondent )
 )

**PETITIONER'S REPLY
TO RESPONDENT, SONNY WEATHERFORD'S,
RESPONSE TO THE COURT'S ORDER OF JUNE 23, 2021,
DOCUMENT NO. 25**

Comes now Petitioner, Andy L. Allman, and files his reply to Respondent, Sonny Weatherford's, response to the Court's Order of June 23, 2021, document No. 25.

First and foremost, Respondent's statements that the State Courts "allowed this 'hybrid representation' but limited its scope," his "involvement is limited to assistance at trial," and "he was not to file any motions to the Court" are blatantly false. Nothing in the Trial Court's Order granting hybrid representation, the testimony, evidence, and Court's own statements in the In-Court and Ex-Parte Hearings of October 5, 2020 or the Trial Court's practice and custom allowing Petitioner to file and argue pre-trial pleadings supports this inanity. The State Court never sought to limit Petitioner's hybrid representation until he challenged his unconstitutional detention. Hybrid representation was granted so he could protect his constitutional rights.

1

Second, Petitioner has fairly presented his claims to the State Courts, including the State's highest court, for the purposes of exhaustion. Despite Respondent's implication to the contrary, Petitioner set out in his response to Sonny Weatherford's Motion to Dismiss how and when his claims were presented to each level of the State Court.

Third, Respondent's arguments that Petitioner's failure to seek review by the Tennessee Supreme Court within fifteen (15) days pursuant to Tenn. R. App. P. 8 is a "procedural bar" tp habeas corpus and abstention should apply or that he could refile his Tenn. R. App. P. 8 Motion are completely without merit. (*See* Respondent's Response to Motion for Immediate Release pages 6-7)

Petitioner must exhaust "the remedies available in the courts of the state" before this Court may consider his claims. *Raymer v. Mills*, 685 F. 3d 631, 636 (6th Cir. 2012). "Unlike exhaustion under 2254, exhaustion under 2241 is not a statutory requirement." *Phillips v. Court of Common Pleas*, 668 F. 3d 804, 810 (6th Cir. 2012). " In the 2241 context, 'decisional law has super imposed such a requirement in order to accommodate principles of federalism,'" thus creating a common law exhaustion requirement. *Id*. A common law exhaustion requirement is discretionary, not mandatory. *Glisson v. United States*, 55 F. 3d 1325 (7th Cir. 1995). Common law exhaustion is to be applied with due regard for its underlying purpose and for considerations that may, in particular cases, counsel for a waiver. *Id*. at 1327; *Weinberger v. Salfi*, 422 U.S. 749, 765 (1975); *Bowen v. City of New York*, 476 U.S. 467, 484 (1986).

Once a Petitioner's federal claims have been raised in the highest State Court available, the exhaustion requirement is satisfied, **even if that Court refused to consider the claims**. *Cole v. Lester*, 3:12-cv-00704 (M.D. Tenn. 1/13/15, J. T. Campbell); *citing Manning v. Alexander*,

2

912 F. 2d 878, 883 (6th Cir. 1990). As this Court has expressly held "in Tennessee pursuant to Tennessee Supreme Court Rule 39, presentations of claims to the Tennessee Court of Criminal Appeals is sufficient for exhaustion." *Hill v. Hall*, 3:19-cv-00452 at page 12 (M.D. Tenn. 10/7/19, J. Aleta Trauger); *citing Adams v. Holland*, 330 F. 3d 398, 483 (6th Cir. 2003); *Cole v. Lester*, 3:12-cv-00704 (M.D. Tenn. 1/13/15 J. C. Campbell). As such, the Tenn. R. App. P. 8 provision providing for Supreme Court review within fifteen (15) days poses no procedural bar to Petitioner's Claims.

If circumstances make it unreasonable to require Petitioner to "run the gauntlet" of exhaustion because the State has placed "unreasonable" restrictions on or access to it, or the delay entailed by exhaustion under the States' procedure causes irreparable harm, the doctrine is not applied. *Glisson* at 1327, *McCarthy v. Madigen*, 503 U.S. 140, 147-148 (1992).

Respondent inexplicably asserts that Petioner could have exhausted his remedies by "firing" his counsel and proceeded Pro Se or hired additional counsel. The record is clear, Petitioner lacks the resources to hire another attorney. (Transcript of In-Court Proceedings 10/5/2020 pages 16 – 18; Transcript of Ex-Parte Proceedings 10/5/2020 pages 12, 19; Transcript of Proceedings 4/2-3/2020 pages 186, 235). Forcing Petitioner into this choice deprives him of the assistance Mr. Copas *is* able to provide, and has been fully paid for, thereby violating Petitioner's 6th Amendment right. Furthermore, forcing Petitioner to choose between unprepared counsel and Pro Se is a Hobson's Choice mandating habeas relief. *Pouncy v. Palmer*, 846 F. 3d 144 (6th Cir. 2017). It is why hybrid representation was granted.

The State has put in place procedures, i.e. forcing Mr. Copas to file the Tenn. R. App. P. 8 Motion in the Trial Court and redefining the scope of his hybrid representation, that

3

procedurally bars Petitioner from exhausting his remedies. Petitioner has made repeated unsuccessful requests of Mr. Copas to file said motion. Petitioner cannot comply with the States' procedure. Respondent even concedes that it is impossible at this point to comply. (Respondent's Memorandum in Support of Motion to Dismiss page 2). The prejudice resulting from the alleged constitutional violation has already been decided by the Trial Court. Petitioner's 6th Amendment is being violated due to counsel's inability to file pre-trail motions/pleadings, adequately prepare for trial, and the inability to "provide competent representation." Under the State Courts' redefinition and retroactive application of hybrid representation, Petitioner is presumably banned from filing Motions for additional furloughs, as he did previously without objection, to prepare for trial. When the State Courts procedurally bar Petitioner from seeking exhaustion, the requirement has been satisfied. *Ex-Parte Hawk*, 321 U.S. 114, 118 (1944); *Braden v. 30th Judicial Circuit Court of KY*, 410 U.S. 484, 489 (1973); *United States ex. rel. Scranton v. New York*, 532 F. 2nd 292, 296 (2nd Cir. 1976); *Castille v. Peoples*, 489 U.S. 346, 350 (1989); *Gray v. Netherland*, 518 U.S. 152, 161-162 (1996); *Lee v. Kemna,* 534 U.S. 362 (2002). The exhaustion requirement "refers only to remedies still available at the time of the federal petition." *Engle v. Isaac*, 456 U.S. 107, 125 n. 28 (1982). It "does not require pursuit of a state remedy where such pursuit is clearly futile." *Wiley v. Sowders*, 647 F. 2d 642, 647 (6th Cir. 1981). The ban on Petitioner filing pre-trial motions/pleadings was not put in place until after Petitioner filed his Tenn. R. App. P. 8 Motion. As such, exhaustion has been satisfied or, in the alternative, sufficient circumstances exist excusing his compliance.

4

Respectfully submitted,

_____
Andy L. Allman
Petitioner
117 W. Smith Street
Gallatin, TN 37066

## CERTIFICATE OF SERVICE

I hereby certify that this Reply to Respondent's Response to the Court's Order of June 23, 2021 has been served via U.S. Mail on the 4th Day of July, 2021 addressed to:

Leah May Dennen
Sumner County Law Department
355 N. Belvedere Dr.
Room 303
Gallatin, TN 37066

Thomas B. Russell
Gullett, Sandford, Robinson & Martin, PLLC
150 Third Ave. S.
Suite 1700
Nashville, TN 37201

_____
Andy L. Allman